UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INFECTOLAB AMERICAS LLC,<br><br>Plaintiff,<br><br>v.<br><br>ARMINLABS GMBH,<br><br>Defendant. | Case No. 20-cv-03318-VKD<br><br>**ORDER CONDITIONALLY GRANTING ARMINLABS'S MOTION RE LETTER OF REQUEST**<br><br>Re: Dkt. No. 58 |

Defendant ArminLabs GmbH ("ArminLabs") moves for issuance of a letter of request under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention"), 23 U.S.T. 2555, T.I.A.S. 7444, reprinted at 28 U.S.C. § 1781, seeking judicial assistance in taking the depositions of two residents of Germany. Dkt. No. 58. Specifically, ArminLabs seeks assistance in obtaining the deposition testimony of Gerlinde Schöllhorn and Johannes Schöllhorn, both of whom are executives with Autoimmun Diagnostika GmbH ("AID"). *Id.* at 1. The motion attaches a proposed letter of request which includes a list of 94 suggested questions for the German court to ask the witnesses. Dkt. No. 58-3.

Plaintiff Infectolab Americas LLC ("Infectolab") does not oppose ArminLabs's motion so long as 28 additional questions concerning ArminLabs's agreement with AID are added to the list of suggested questions for the German court. Dkt. No. 64 at 2. ArminLabs objects to including Infectolab's additional questions on the grounds that Infectolab's request is procedurally improper and that the additional questions concern an agreement that is not at issue in the case. Dkt. No. 66 at 1 & n.1.

The Court has considered the parties' submissions and finds that ArminLabs's proposed

letter of request satisfies the requirements for issuance of a letter of request. *See* Fed. R. Civ. P. 28(b); 28 U.S.C. § 1781(b)(2); Hague Evidence Convention, Arts. 1, 3, 4. The witnesses are non-parties who are not within the jurisdiction of this Court, and the testimony requested appears to be directly relevant to a claim or defense at issue in the case—i.e. the agreement and relationship between Infectolab and AID. ArminLabs also has complied with the formal requirements for a letter of request. However, the proposed letter of request contains an error, in that it does not accurately describe the claims presently at issue in the Second Amended Complaint. The proposed letter of request recites that the SAC asserts six claims for relief but does not reflect that the Court dismissed the fourth and sixth claims for relief without leave to amend. *Compare* Dkt. No. 58-3 (sec. 7(b), (c)) *with* Dkt. No. 57 at 9. Additionally, the letter should identify the undersigned as "United States Magistrate Judge," rather than "United States Chief Magistrate Judge." *See* Dkt. No. 58-3 (sec. 5(a)).

Accordingly, the Court grants ArminLabs's motion for a letter of request on the condition that ArminLabs files a revised proposed letter of request that corrects the description of the proceedings. The Court will not require ArminLabs to include the additional questions proposed by Infectolab as Infectolab fails to show that those questions will produce evidence that is relevant to any claim or defense in the action. *See* Fed. R. Civ. P. 26(b). ArminLabs may file a revised proposed letter of request for the Court's review and signature.

**IT IS SO ORDERED.**

Dated: May 20, 2021

_Virginia K. DeMarchi_
VIRGINIA K. DEMARCHI
United States Magistrate Judge